UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW JOHN STANKEVICH                                             PLAINTIFF

V.                                         CIVIL ACTION NO. 3:23-CV-356-KHJ-BWR

MISSISSIPPI COLLEGE SCHOOL OF LAW                                  DEFENDANT

ORDER

Before the Court is Defendant Mississippi College School of Law's (MC Law) [28] Motion to Dismiss the Third Amended Complaint. The Court grants the motion.

I.  Background

This is pro se Plaintiff Andrew John Stankevich's third lawsuit against MC Law. *See* Third Am. Compl. [27] ¶¶ 33–34. Like the other two, this case involves a decade-old grievance with his alma mater. According to him, MC Law breached a contract and violated the Americans with Disabilities Act (ADA) when it decided to limit his access to campus because of a Facebook post. *See id.* at 1.

Stankevich began law school at MC Law in 2009. During his third year, Stankevich posted on social media, "God smites MC Law and MC undergrad . . . the staff and students that suck all die a horrible death. Ha ha ha." *Id.* ¶ 15. MC Law viewed this as a safety concern, so it issued Stankevich a Notice Not to Enter Campus:

> Effective at 1:45 pm on Tuesday, December 5, 2011[,] you are ordered not to enter or remain on the property of Mississippi College or the

> Mississippi College School of Law . . . . This action is necessary to provide for the security and well[-]being of the law school community. As an exception to this order[,] you will be allowed to enter law school property for the purpose of taking your three final exams. . . . As a condition for being able to resume classes in the spring semester and enter the property of MC Law, you must consult with a psychologist for an evaluation. . . . MC Law will pay for the evaluation and will assist you with making an appointment. . . . This action is taken as an educational measure to ensure the safety and well[-]being of our law school community. It is not criminal or punitive in nature and is tailored to your need to take final exams and the need of MC Law to ensure a safe environment for our students and our community.

[27-11]; *see also* [27] ¶¶ 16, 18–19. This limitation continued until Stankevich completed his coursework and graduated in May 2014. *See* [27] ¶ 18. Nine years later, Stankevich filed this case.

Stankevich filed his Original Complaint on June 5, 2023. [1]. The Magistrate Judge ordered Stankevich to show cause as to why "his claims are not time-barred." *See* [8]. Stankevich responded. *See* [10]. And MC Law moved to dismiss all claims under Rule 12(b)(6). [17].

After responding to MC Law's first motion to dismiss, Stankevich amended his pleading as a matter of course. *See* Order [26] at 1. The amended pleading fell below acceptable pleading standards, so the Court gave Stankevich one last opportunity to plead his best case. *See id.* at 2. Specifically, the Court ordered Stankevich to file a third amended complaint alleging "facts going to each element of each claim[.]" *Id.* Stankevich filed his Third Amended Complaint, and MC Law moved to dismiss all claims. [27]; [28]. Because Stankevich's Third Amended Complaint does not state a claim, the Court dismisses all claims with prejudice.

II.     Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court must view the facts in the light most favorable to plaintiffs but need not "strain to find inferences favorable to the plaintiffs" or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Mere "formulaic recitation of the elements" of a cause of action will not suffice. *Id.* at 681 (citation omitted).

"It is well-settled and understandable that pro se litigants are held to a more lenient standard of pleading than practicing lawyers." *Bennett v. Advanced Distrib. Prods.*, No. 4:22-CV-50, 2022 WL 4456252, at *1 (N.D. Miss. Sept. 23, 2022); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam) ("[P]ro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys[.]"). "There are, however, limits to this liberal construction. In other words, while pro se plaintiffs are held to 'a more lenient standard than lawyers when analyzing complaints[,]' the law still requires that pro se plaintiffs 'plead factual allegations that raise the right to relief above the speculative level.'" *Bennett*, 2022 WL 4456252, at *1 (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam)).

III.   Analysis

Stankevich brings ADA and breach-of-contract claims. [27] at 1. MC Law moves to dismiss both claims under Rule 12(b)(6) for failure to state a claim. The Court addresses Stankevich's ADA claim first.

    A.   ADA

Stankevich alleges that MC Law discriminated against him based on a "perceived disability." [27] at 9. According to him, it was his "perceived psychiatric disability, not [his] Facebook post, [that] caused MC Law to ban [him] from campus." *Id.* He first points to MC Law's statement that the decision to limit his access to "campus was '*not criminal or punitive in nature.*'" *Id.* This statement, he argues, shows MC Law limited his access based on his perceived disability because "if [he] had engaged in . . . bad behavior not arising from a psychiatric disability, then MC Law would have simply disciplined [him], or had [him] criminally prosecuted." *Id.* But because its actions were "not criminal or punitive in nature," Stankevich claims MC Law based its decision on his perceived psychiatric disability. *Id.* Stankevich then points to a professor's email that expressed concerns about Stankevich. *Id.* (citing [1-2]–[1-4]). He claims the professor's email "show[s] that [his] perceived psychiatric disability motivated [MC Law] to segregate [him], and that MC Law perceived [him] as disabled." *Id.*

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4

discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, the plaintiff must show:

> (1) [he] is a qualified individual with a disability . . .; (2) [he] was excluded from participation in, or was denied benefits of, services, programs, or activities for which the school district is responsible; (3) [his] exclusion, denial of benefits, or discrimination was by reason of [his] disability; and (4) the exclusion, denial of benefits, or discrimination was intentional.

*S.B. on behalf of S.B. v. Jefferson Par. Sch. Bd.*, No. 22-30139, 2023 WL 3723625, at *3 (5th Cir. May 30, 2023) (per curiam) (citing *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). To survive MC Law's motion to dismiss, Stankevich "must plead facts making it plausible that [he] was discriminated against because of—but not necessarily *solely* because of—[his] disability." *Id.* (cleaned up) (citing *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021)).

Stankevich's Third Amended Complaint does not permit the inference that MC Law's actions "were 'by reason of his disability'—an essential element of a discrimination claim." *Id.* at *4 (cleaned up) (quoting *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021)). Stankevich claims that MC Law limited his access to campus based on a perceived mental disability. [27] at 9. But his Third Amended Complaint and attached documents do not support that inference. Instead, Stankevich's allegations "suggest that [he] wasn't disciplined due to h[is] disability but to address" his potentially threatening online post. *S.B. on behalf of S.B.*, 2023 WL 3723625, at *3. And "punishing [Stankevich] for h[is] disruptive behavior is not the same as treating h[im] differently due to [a] disability." *Id.*

Because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," Stankevich's "complaint has alleged—but it has not 'show[n]'—'that [he] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, the Court dismisses Stankevich's ADA claim with prejudice.

    B.  Breach of Contract

Stankevich also brings a claim for breach of contract. [27] at 12. According to Stankevich, MC Law's "long-term segregation . . . constitut[ed] a breach of contract[.]" [27] at 1. But his Third Amended Complaint and responsive briefing only allege these facts:

> Despite evidence showing otherwise, MC Law insisted for over two years that I was a danger to myself and others, likening me to a serial killer or mass murderer, and segregated me due to my perceived disability until I developed psychosis. I was never able to use my law degree to obtain employment anywhere. For this and the other reasons stated herein, MC Law violated the standards of decency, fairness and reasonableness associated with law schools. Showing malice, MC Law declared me a danger to myself or others in a punitive way without providing me any of the accommodations that my perceived disability warranted. Per [a professor's] Mar. 8, 2011 email and my emails in [a]ttach[ments] B-D and ¶¶4–6, MC Law had a duty to fulfill my request for counseling, since [the professor] alleged that I was a danger to myself and others.
> 
>                                       \* \* \*
> 
> In addition to charging me the same rate as an on-campus student, MC Law breached its contractual covenant of good faith and fair dealings by violating my due process, violating the ADA, as well as violating the reasonable expectations that students have while enrolling in law school. No law student paying hundreds of thousands of dollars in tuition[] would expect to be treated like a psychopath[] due to a clumsy Facebook post reiterating what a public speaker stated a month or two prior.

*Id.* at 12; [30] at 1. Even viewing these facts in a light most favorable to Stankevich, they still do not allow the Court to infer an entitlement to relief.

"In challenging the internal decision-making process of academic institutions, students frequently predicate their claims on constitutional due process and contractual theory." *Beauchene v. Miss. Coll.*, 986 F. Supp. 2d 755, 767 (S.D. Miss. 2013) (collecting cases). MC Law is a private institution, and "causes of actions against private colleges are usually limited to only breach of contract claims." *Id.* at 768. To state a claim for breach of contract under Mississippi law, a plaintiff must show "(1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *Murphy v. William Carey Univ.*, 314 So. 3d 112, 123 (Miss. Ct. App. 2020) (quoting *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019)). "Mississippi law recognizes an implied contractual relationship between a university and its students." *Beauchene*, 986 F. Supp. 2d at 769. "[T]he terms of the contract may be derived from a student handbook, catalog, or other statement of university policy." *Id.* (quoting *Univ. of Miss. Med. Ctr. v. Hughes*, 765 So. 2d 528, 535 (Miss. 2000)).

Stankevich's breach-of-contract claim fails as a matter of law. Despite having three opportunities to replead his claim, Stankevich still offers no insight into what contract terms MC Law allegedly breached. MC Law's first motion to dismiss notified Stankevich of the specific defects in his pleading. [18] at 5 ("Stankevich has failed to adequately allege the terms of the contract he claims MC breached. At no

7

point . . . does he identify a contract or its terms."). Yet he still did not remedy this defect in his third amended pleading. "Because [Stankevich] has not sufficiently shown what term of the implied contract was breached," his "breach-of-contract claim fails as a matter of law." *Murphy*, 314 So. 3d at 124. Accordingly, the Court dismisses the claim with prejudice.

    C.  Alternative Relief

In responding to MC Law's motion to dismiss, Stankevich asks the Court to "dismiss [his claims] without prejudice or otherwise allow [him] to correct any deficiencies." [30] at 1. The Court denies this request.

"A district court may dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case." *Thompson v. City of Weatherford Mun.*, No. 23-10767, 2023 WL 8368867, at *2 (5th Cir. Dec. 4, 2023) (per curiam) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). The Court has considered hundreds of pages in exhibits attached to Stankevich's pleadings and finds it "obvious from the record that [Stankevich] has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Whitfield v. Miss. Bureau of Narcotics*, No. 3:17-CV-987, 2019 WL 613493, at *6 (S.D. Miss. Feb. 13, 2019) ("Having filed numerous documents with this Court, it is evident that [plaintiff] has pled his best case."). The Court's prior Order warned Stankevich that he had "one last chance to amend and plead his best case." [26] at 2. And MC Law's first motion to dismiss notified Stankevich of the specific defects in his pleading. *See* [18]. In short, Stankevich received ample opportunity to plead his best case yet still did not state a

plausible claim for relief. Accordingly, the Court dismisses his claims with prejudice.[1]

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS MC Law's [28] Motion to Dismiss and dismisses all claims with prejudice. The Court will issue a final judgment consistent with this Order.

SO ORDERED, this 2nd day of February, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[1] Because Stankevich does not state a claim against MC Law, the Court need not reach the parties' statute of limitations arguments. *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 642 (N.D. Miss. 2013).